# COURT OF APPEALS.

WILLIAM T. WILKINS, plaintiff and respondent, agt. WILLIAM H. EARLE and another, appellants and defendants.

No appeal lies to this court from a judgment entered in the court below upon a *remittitur* from this court.

The *remittitur* controls the court below, and a judgment in pursuance of it cannot be said to be an actual determination.

And it makes no difference that the judgment in the *remittitur* was first entered at special term, and that judgment affirmed at general term, or there affirmed in part and reversed in part. The *remittitur* is equally controlling upon both branches of the court.

In this case two questions were litigated in the court below. *First,* the defendants liability (as hotel-keepers) to their guests. *Second,* the rule of damages. A general verdict for plaintiff was rendered for the larger amount of damages, upon the defendants liability, and the smaller amount contended for by the defendants was liquidated by a special finding. The several exceptions taken on the trial were heard in thefirst instance at general term. A final judgment was there rendered, overruling the defendant's exceptions, and refusing a new trial, but ordering judgment on the verdict for the smaller amount of damages in conformity with the special finding. From this judgment the defendants took no appeal.

But the general term sustained the exceptions so far as to direct the judgment to be entered upon the special finding of the jury for the smaller amount of damages with interest and costs, instead of the amount found by the general verdict. From this judgment the plaintiff appealed to this court—where, with the plaintiff's consent, the whole case was fully argued on both sides, and the court reversed the judgment of the general term and ordered judgment for the plaintiff for the full amount of the original general verdict with interest and costs.

On filing the *remittitur* regularly in the court below and entering judgment thereon in conformity thereto, the defendants tried the experiment of appealing therefrom to this court, where the appeal was dismissed with costs.

*January Term,* 1872.

THIS is the important and at present leading case in our courts in regard to the extent of the liability of a landlord for the valuables deposited with him for safekeeping by a guest. The defendants are the proprietors of Earles' Hotel in the city of New York, and the plaintiff, in April, 1862, was

their guest; and as such deposited in the safe of the hotel, a package of money and valuables amounting to about $22,000. On the trial of the case in the superior court before a jury, under the instructions of the presiding justice, the jury found, *first*, a general verdict in favor of the plaintiff for the full amount claimed by him, and *secondly*, in answer to one of various questions specially put to them, the jury found that $1,000 was a reasonable amount of money for a traveler under the circumstances of the plaintiff, to have with him for traveling expences.

And thereupon, the plaintiff moved at general term, that judgment be entered upon the general verdict in his favor, and the defendants moved for a new trial upon a case and exceptions. The court at general term sustained the exceptions, so far as to direct the judgment to be entered upon the special finding of the jury, for $1,000, with interest and costs, instead of the amount so found by the general verdict, and overruled all their exceptions, and also denied defendant's motion for a new trial. From the judgment so entered, the plaintiff appealed to the court of appeals, except from that part which denied the motion for a new trial—the defendants did not appeal from any part of the judgment of the general term.

On the argument of the appeal in the court of appeals, when defendant's counsel came to present the exceptions taken at the trial, one of the judges suggested, that as defendants had not taken any appeal, it might not be competent for the court to consider any argument upon the said exceptions. Plaintiff's counsel asked to have that technical objection waived, and to have the exceptions argued fully and disposed of, in order that there should be a final determination of the case if possible, without any new trial. The court thereupon, heard and considered fully the exceptions, and reversed the judgment of the general term, and ordered judgment to be entered in favor of plaintiff for the full amount of the original geneal verdict, with interest and

costs. Thereupon, and upon the *remittitur* from the court of appeals, plaintiff's counsel moved to make the judgment of the court of appeals the judgment of the superior court. Defendant's counsel appeared and acquiesced in such motion; and the court at special term so ordered, and judgment was thereupon perfected in the superior court. Immediately after the entry of that judgment the defendants served a new notice of appeal from that judgment to the general term of the superior court, with an undertaking to stay proceedings. Plaintiff thereupon, duly moved to dismiss said appeal on the ground, that no appeal from such a judgment could be taken. The general term denied the motion, and upon the argument of the case on appeal, affirmed the judgment, and thereupon, defendants again appealed to the court of appeals. Plaintiff's counsel then moved at the first opportunity in the court of appeals, to dismiss the said appeal, and after full argument, the court granted said motion.

GEORGE W. PARSONS, *for respondent.*
FRANCIS KERNAN *for appellants.*

RAPALLO, J—By section 11 of the Code, which defines the cases in which appeals will lie to this court, they are confined to actual determinations of the various courts named, made at general terms thereof (*See also* § 333; *Lake* agt. *Gibson,* 2 *Comst.,* 188).

The judgment appealed from in this case, was entered upon a *remittitur* from this court. No question is made, but that the judgment conforms to the *remittitur.* That *remittitur* controlled the court below, and a judgment in pursuance of it cannot be said to be an actual determination. The court below could not direct any different judgment. Its duty and power were simply to enforce the judgment of this court, as prescribed in section 12.

It can make no difference, that the judgment on the *remittitur* was first entered at special term, and that judgment

affirmed at general term. The *remittitur* was equally controlling upon both branches of the court, and left nothing to be determined by either.

Did the right of appeal apply to every judgment of whatever character, as claimed, it is evident that a litigation could never be brought to an end.

In this case, two questions were litigated in the court below. *First*, the defendants liability. *Secondly*, the rule of damages.

Numerous exceptions were taken at the trial. A general verdict was rendered for the larger amount of damages, and the smaller amount contended for by defendants, was liquidated by a special finding. The exceptions were heard in the first instance at general term. A final judgment was there rendered in December, 1865, overruling the defendant's exceptions, and refusing a new trial, but ordering judgment on the verdict for the smaller amount of damages in conformity with the special finding. From this judgment the defendants took no appeal.

If they desired to be in a condition further to litigate the question of their liability, or the correctness of the rulings at the trial, with a view to a new trial, it would seem that they should have appealed, lest they might be deemed concluded on those points, and confined to the single question of the amount of damages, and thus be subjected to the damages first assessed by the jury, if on the plaintiff's appeal such damages should be adjudged to be recoverable as a legal consequence of the liaiblity established against the defendants.

The plaintiff appealed from the judgment, so far as related to the damages, but no appeal was taken by either party, from that part of the order which refused a new trial.

On that appeal this court did not order a new trial, but reversed the judgment of the general term, and ordered judgment on the verdict for the larger amount.

On the argument of the plaintiffs appeal, before the commission of appeals, the question arose, whether the defendants

could be heard on the points relating to their liability, and their exceptions taken at the trial. Some of the members of the court were of opinion that they could, and it does not appear unreasonable that they should have been allowed to show, in answer to the plaintiffs claim, to a more liberal rule of damages, that he had established no right of action, and therefore was not entitled to any damages, or that evidence as to the damages claimed was improperly received or excluded.

But it is more questionable, whether on the plaintiffs appeal the defendants could have availed themselves of exceptions to other incidental rulings upon questions of evidence, or claimed a new trial by reason of such exceptions.

It is stated in the opposing affidavits, that the defendants were in fact heard upon all the points taken by them. But the decision of this motion cannot depend upon that fact. The question here is, whether the present appeal brings up for review any actual determination of the court below. If the defendants had a right to be heard upon all their points on the plaintiffs appeal to this court, and were here refused that right, in whole or in part, the general term could not correct that error, or for that reason refuse to obey the mandate of the appellate court. If they had no right so to be heard here, it was because they could only raise those points here by an appeal from the judgment of December, 1865.

If they were in fact heard, as alleged, upon all their points, and they were determined against them by the appellate court, they cannot by the course now adopted obtain a rehearing in this court. In neither case was any point presented for adjudication by the court below on entering judgment on the remittuter. That judgment was in substance the judgment of this court, and I can find no ground on which an appeal from it can be entertained.

The motion should be granted with costs.